UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| DARTANYUS C. HARRIS, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 1:24-cv-00097-SNLJ |
| BILL STANGE, | ) ) ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is self-represented petitioner Dartanyus C. Harris's motion to appoint counsel. The motion will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Petitioner has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court may consider future motions for appointment of

counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for appointment of counsel [ECF No. 2] is **DENIED**.

Dated this 21st day of August, 2024.

                                         STEPHEN N. LIMBAUGH, JR.
                                         SENIOR UNITED STATES DISTRICT JUDGE